# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| LENARD HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV410-047 |
| | ) |
| AL ST. LAWRENCE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

In *Harris v. St. Lawrence*, No. CV408-038 (S.D. Ga. Apr. 16, 2008), the Court applied 28 U.S.C. § 1915(g) to bar Lenard Harris from seeking in forma pauperis status on all future lawsuits absent a showing, as demanded by §1915(g), that he is in imminent danger of physical harm. In a following case, *Harris v. St. Lawrence*, No. CV408-073 (S.D. Ga. June 9, 2008), the Court warned him "that if he continues to bring civil actions in this Court without tendering the required $350 filing fee, he may be subject to sanctions, including contempt citations or prohibitions on filing *any* further cases in this Court." *Id.*, doc. 7 at 4. It issued the same warnings in *Harris v. Brannan*, No. CV408-031, docs. 9, 11, & 12

(S.D. Ga. June 9, 2008), and in *Harris v. State of Georgia Child Support*, No. CV408-077, docs. 3, 5, & 7 (S.D. Ga. Apr. 16, 2008). That was in addition to dismissing *ten* baseless habeas petitions.[1] *See Harris v. St. Lawrence*, No. CV409-012, docs. 3, 5, & 6 (S.D. Ga. Mar. 4, 2009) (collecting cases).

Harris has not only disregarded those multiple warnings, doc. 1 at 5, but on his latest form 42 U.S.C. §1983 complaint he has disclosed (in response to Question C, asking him to reveal any prior federal lawsuits dismissed as baseless) only two prior lawsuits (CV405-152 and CV405-129) when in fact many more than that exist, e.g., CV408-073, CV408-031, and 408CV077 -- the very cases which applied the § 1915(g) sanction and warning. Worse, Harris has not even attempted to allege the type of imminent danger required by § 1915(g). Doc. 1 at 5.

His motion for leave to proceed in forma pauperis, doc. 2, is therefore **DENIED**, and this case should be **DISMISSED WITHOUT PREJUDICE**. But in light of plaintiff's *repeated* frivolous filings, he should be **ENJOINED** from filing any more in forma pauperis motions

---

[1] Harris validates Einstein's definition of insanity -- "doing the same thing over and over again and expecting different results."

(and cases premised on them) in this Court. In *Smith v. Florida Department of Corrections*, 2010 WL 774305 (11th Cir. Mar. 9, 2010) (unpublished), a § 1915(g) three-striker appealed "the district court's injunctive order prohibiting him from filing any new petitions in forma pauperis," *id.* at * 1, contending that it violated his due process rights. *Id.* Upholding that injunction, the appellate court noted that

> the district court did not totally prohibit him from filing future complaints or petitions. Unlike [*Miller v. Donald*, 541 F.3d 1091, 1096, 1099 (11th Cir. 2008)], where we held that a particular " § 1915(g)-plus" injunction was an abuse of discretion, the scope of the injunction in this case matches the scope of the PLRA. The injunction only prohibits Smith from filing IFP petitions in civil cases that are litigated in federal court. It does not affect filings where Smith pays the appropriate fee, criminal cases, or litigation in state courts. The district court quoted § 1915 in full -- including its exception for cases where the prisoner is in danger of serious physical injury -- and did not add any sanction beyond what the statute specifically permits. The district court's injunction was not an abuse of discretion.

2010 WL 774305 at * 3.

That same injunction should be applied here. Thus, if Harris files another civil case, he should either pay the Court's $350 filing fee or make some *believable* showing that the constitutional violation alleged has, at the time he files his complaint, placed him in imminent

3

danger of *physical* harm.² Otherwise, Harris would be subject to contempt for violating this Court's injunction.

In order to properly execute this order, the Clerk should be **DIRECTED** to create a miscellaneous civil case, *In re Harris*, placing the R&R, if adopted, as the first filing in that case. All future Harris § 1983 complaints should be initially entered as filings in that case. The undersigned will then examine each new complaint to determine whether this standing order has been violated; if so, properly tailored contempt sanctions will be recommended. Otherwise, the undersigned will direct the Clerk to file the complaint in its own case.

**SO REPORTED AND RECOMMENDED** this  12th  day of May, 2010.

s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

² *See Skillern v. Jackson*, 2010 WL 1737637 at * 2 (S.D. Ga. Mar. 29, 2010) (rejecting § 1915(g)-barred inmate's "imminent danger" claim "that 'doctors prognosticate' that he will have another heart attack due to the stress Defendants' 'illicit conduct causes[,'] . . . [and that] . . . being denied access to the courts is 'inarguably stressful.'"), *adopted*, 2010 WL 1737608 (S.D.Ga. Apr 29, 2010). This, too, can be subjected to paperless, "read-and-deny" review. *See Grant v. Dane County Jail*, 2010 WL 56020 at * 2 (W.D. Wis. Jan. 6, 2010) ("However, as a means of avoiding additional waste of court resources responding to frivolous complaints containing only the magic words 'imminent danger' rather than allegations passing muster under § 1915(g), any further complaints alleging imminent danger filed by plaintiff will be deemed dismissed after 30 days unless the court orders otherwise.").